UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

TONI A. WESTMORLAND                                                    PLAINTIFF

v.                                                     CIVIL ACTION NO. 3:09CV-135-S

HOST INTERNATIONAL, INC., et al.                              DEFENDANTS

**MEMORANDUM OPINION**

       This matter is before the court on motion of the plaintiff, Toni A. Westmorland, to remand the action to the Jefferson County, Kentucky, Circuit Court, Division Ten (DN 5). For the reasons set forth herein, the motion will be granted.

       This matter was removed by the defendant, Host International, Inc., on the basis of fraudulent joinder. The burden is on the Host to demonstrate fraudulent joinder, and any doubts are resolved against removal. *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 948-49 (6th Cir. 1994). As noted in *Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999), "When a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question the removing defendant may avoid remand [to state court] only by demonstrating that the non-diverse party was fraudulently joined." As this court has previously noted, In order to prove fraudulent joinder, the removing party must show that the plaintiff cannot establish a cause of action against the non-diverse defendant. If there is any basis on which the plaintiff could prevail against the non-diverse defendant, the court must remand the action. *Philpot v. Best Buy Stores, L.P.*, 2008 WL 2811972 (W.D.Ky. July 21, 2008), *quoting, Alexander*, 13 F.3d at 949.

       This action arose from the circumstances of Westmorland's employment as a server at the Woodford Reserve restaurant in 2007-2008 at the Louisville International Airport where she worked for approximately twelve years. Westmorland is an African-American female who contends that

she was subjected to a hostile work environment and subsequently terminated for having complained about it to HOST. Westmorland's employer was HOST International, Inc. Her supervisor from August 2007 through her termination in 2008 was Kevin Curtsinger.[1]

HOST removed the action to this court, stating that Curtsinger had been fraudulently joined. Curtsinger had not been served with process at the time of the filing of the removal petition. HOST urged that the complaint stated no colorable claim had been made against Curtsinger in the complaint.

The complaint states at paragraphs 27 and 28 that the defendants' actions, as alleged in the first 26 paragraphs, constitute retaliation and retaliatory discharge. HOST does not dispute that Kentucky law would recognize a claim against Curtsinger individually for retaliation under KRS 344.280.[2] However, it contends that no facts have been alleged which would sustain a claim for violation of that statute.

The court finds that HOST attempts to put too fine a point on its argument regarding Westmorland's factual allegations. The complaint alleges that a racially hostile work environment developed shortly after Curtsinger was hired as Westmorland's supervisor. It is alleged that Curtsinger himself participated in expressing racial bias against African-Americans. She alleges that after she complained to HOST's Human Resources Department, she experienced retaliation on the job. After again complaining to human resources, she was fired. She alleges that HOST defamed her by saying that she was "drinking on the job" and "manufactur[ing] false [presumably negative] information" about her job performance. Compl., ¶ 20.

---

[1] A number of details provided by HOST are not contained in the paragraphs of the complaint to which HOST cites in its brief. The complaint does not specify the date of Curtsinger's hire, the date of Westmorland's termination, or the fact that Westmorland was given her termination notice on December 4, 2008 by HOST's general manager, Tony Heinicke. Westmorland has not challenged the accuracy of these facts. However, they are mentioned in this opinion for purposes of background only.

[2] The complaint sounds only in state law. The civil rights claims are based on claimed violations of the Kentucky Civil Rights statute.

The complaint states at a minimum, that after Westmorland complained about the hostile work environment[3], she was retaliated against while on the job, citing an instance when a Caucasian bartender hit her in the back with a coaster. As Curtsinger was her supervisor at the time and is alleged to have been actively involved in creating a racially hostile environment himself, it is no great leap to a claim that he participated in some manner in retaliating against her for having complained. HOST contends that the failure to include an allegation that Curtsinger knew about the report signals the demise of a retaliation claim against him. The court disagrees. Under notice pleading, each pertinent factual allegation need not be pled but only that which states a colorable claim. "[U]nder the notice pleading standard of the Federal Rules, courts are reluctant to dismiss colorable claims which have not had the benefit of factual discovery." *Directv, Inc. v. Treesh*, 487 F.3d 471 (6th Cir. 2007), *quoting, Evans-Marshall v. Board of Education*, 428 F.3d 223, 228 (6th Cir. 2005). We find that this alleged on-the-job retaliation is sufficient to state an arguable basis for the retaliation claim against Curtsinger.

Additionally, although unnecessary to our decision to remand the case, we note that the as yet factually undeveloped background concerning the statements about Westmorland's conduct and her ultimate termination may arguably support an individual retaliation claim against Curtsinger. Assuming that HOST takes the position that it acted upon information about alleged unsatisfactory job performance, rather than manufactured evidence, the most likely source for this purported information would have been Westmorland's supervisor. Whether Curtsinger provided information about Westmorland's job performance or sought her discharge, and any motivation he may have had to do so remain open questions. These facts which may later be developed could have a bearing on Westmorland's individual claim for retaliation against him.

---

[3] The creation of a hostile work environment is not actionable against Curtsinger individually.

Inasmuch as we find that HOST has failed to meet its burden to establish fraudulent joinder, we conclude that the action must be remanded to the state court. A separate order will be entered this date in accordance with this opinion.

**IT IS SO ORDERED.**